# Exhibit A
# State Court Filings

Filed            18-CI-00099   06/01/2018       Stephanie L. Brinegar, Estill Circuit Clerk
A true copy attest  18-CI-00099   06/01/2018       /s/Stephanie L. Brinegar, Estill Circuit Clerk

FILED: 6/11/18
STEPHANIE L. BRINEGAR, CLERK
BY: _____ D.C.

COMMONWEALTH OF KENTUCKY
ESTILL CIRCUIT COURT
CIVIL DIVISION
CASE NO. 18-CI-99
*Electronically Filed*

MICHAEL L. SMITH                                                  PLAINTIFF

vs.                          **COMPLAINT**

LIFE INSURANCE COMPANY OF NORTH AMERICA      DEFENDANT
d/b/a CIGNA GROUP INSURANCE

        **To be served through Kentucky Secretary of State:**

        Michael A. James
        Two Liberty Place
        1601 Chestnut Street
        Philadelphia, PA 19192-2211

                       ** ** ** ** ** ** ** ** ** **

1. The Plaintiff, Michael L. Smith, is a citizen and resident of Estill County, Kentucky.

2. Life Insurance Company of North America ("LINA" or "Defendant") is an insurance company believed to be domiciled in the state of Pennsylvania. LINA, in its dealings with Plaintiff, has represented that it does business as Cigna Group Insurance. LINA's service of process agent is Michael A. James, Two Liberty Place, 1601 Chestnut Street, Philadelphia, PA 19192-2211 and can be served through the Kentucky Secretary of State.

3. The Plaintiff had been employed at Kyosan Denso Manufacturing Kentucky, LLC ("Kyosan Denso") since August 2014.

4. The Defendant supplied and issued a policy of insurance to Kyosan Denso, where the Plaintiff obtained coverage for long-term disability ("LTD") insurance. The applicable

Filed            18-CI-00099   06/01/2018       Stephanie L. Brinegar, Estill Circuit Clerk
A true copy attest  18-CI-00099   06/01/2018       /s/Stephanie L. Brinegar, Estill Circuit Clerk

Filed            18-CI-00099    06/01/2018        Stephanie L. Brinegar, Estill Circuit Clerk
A true copy attest    18-CI-00099    06/01/2018        /s/Stephanie L. Brinegar, Estill Circuit Clerk

insurance policy number is believed to be LK0963639. The insurance company's incident number is 3708598.

5. Jurisdiction and venue are proper in this court because the Defendant supplied and issued insurance policies to cover employees of Kyosan Denso, including Plaintiff who resides in in Estill County.

6. The LTD insurance policy provides for monthly disability benefit payments, based on a percentage of Plaintiff's pre-disability earnings.

7. The LTD policy defines disability and entitles Plaintiff to receive benefits, if Plaintiff meets the following definition:

Definition of Disability/Disabled

The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1. unable to perform the material duties of his or her Regular Occupation; and
2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
2. unable to earn 60% or more of his or her Indexed Earnings.

The Insurance Company will require proof of earnings and continued Disability.

8. Benefits are payable to Plaintiff under the LTD insurance policy because he is disabled, as defined in the insurance policy, from performing his past occupation at Kyosan Denso and any other gainful occupation.

9. The Plaintiff, while working at Denso, became disabled as defined in his insurance policy in June 2015, with his last day of work being on or about June 8, 2015, and remains disabled.

2

Filed            18-CI-00099    06/01/2018        Stephanie L. Brinegar, Estill Circuit Clerk
A true copy attest    18-CI-00099    06/01/2018        /s/Stephanie L. Brinegar, Estill Circuit Clerk

Filed              18-CI-00099    06/01/2018            Stephanie L. Brinegar, Estill Circuit Clerk
A true copy attest 18-CI-00099    06/01/2018            /s/Stephanie L. Brinegar, Estill Circuit Clerk

10. The Plaintiff was and has been unable to perform the material duties of his own occupation, and any other gainful occupation, since on or about June 8, 2015, as a result of injury or sickness.

11. The Plaintiff applied for short-term disability benefits with the Defendant in a timely fashion, in the manner outlined in the insurance policy.

12. Plaintiff provided proof that he was disabled from work, and that he was unable to perform his own occupation and any other occupation.

13. On or about July 7, 2015, Cigna denied Plaintiff's claim for short-term disability benefits.

14. After submitting a timely appeal, Plaintiff's claim for short-term disability benefits were again denied on September 4, 2015.

15. After submitting a timely appeal, Cigna approved Plaintiff's claim for short-term disability benefits on or about June 17, 2016.

16. On July 26, 2016, Cigna approved Plaintiff's claim for LTD benefits under the applicable policy.

17. On September 6, 2017, Defendant denied Plaintiff's LTD claim.

18. On or about February 5, 2018, Plaintiff appealed Defendant's decision to deny his claim.

19. The appeal contained additional medical information, including an independent medical evaluation report and vocational evaluation report, indicating Plaintiff continued to meet the definition of disability.

20. On May 10, 2018, Defendant upheld the denial of Plaintiff's claim for LTD benefits beyond March 5, 2017.

3

Filed              18-CI-00099    06/01/2018            Stephanie L. Brinegar, Estill Circuit Clerk
A true copy attest 18-CI-00099    06/01/2018            /s/Stephanie L. Brinegar, Estill Circuit Clerk

Filed              18-CI-00099    06/01/2018    Stephanie L. Brinegar, Estill Circuit Clerk
A true copy attest 18-CI-00099    06/01/2018    /s/Stephanie L. Brinegar, Estill Circuit Clerk

21. The May 10, 2018 letter stated that "[a] second appeal is not required" and Plaintiff has "the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a)[.]"

22. Under the terms of the insurance policy, Plaintiff is entitled to continued monthly LTD benefits until the maximum benefit duration date in the policy.

23. Plaintiff has filed any required appeals under the terms of the applicable LTD policy.

24. Plaintiff also had, at all times relevant to the claims asserted herein, life insurance coverage with Defendant through his employment with Kyosan Denso.

25. The life insurance policy, policy number FLX-965234 and/or FLX-965258, contains a waiver of premium provision, whereby premiums are to be waived when the claimant is disabled.

26. Plaintiff's life insurance policy defines disability as:

> "Disability/Disabled" means because of Injury or Sickness an Employee is unable to perform the material duties of his or her Regular Occupation, or is receiving disability benefits under the Employer's plan, during the initial 12 months of Disability. Thereafter, the Employee must be unable to perform the material duties of any occupation which he or she may reasonably become qualified based on education, training or experience, or is subject to the terms of a Rehabilitation Plan approved by the Insurance Company.

27. Plaintiff timely, and in the manner set forth in the applicable policy, submitted a waiver of premium ("WOP") claim with respect to his life insurance coverage. The claim number is believed to be 3708598.

28. On or about October 18, 2016, Defendant denied Plaintiff's WOP claim.

29. After submitting a timely appeal, Defendant denied Plaintiff's WOP claim on August 10, 2017.

4

Filed              18-CI-00099    06/01/2018    Stephanie L. Brinegar, Estill Circuit Clerk
A true copy attest 18-CI-00099    06/01/2018    /s/Stephanie L. Brinegar, Estill Circuit Clerk

Filed                18-CI-00099    06/01/2018    Stephanie L. Brinegar, Estill Circuit Clerk
A true copy attest   18-CI-00099    06/01/2018    /s/Stephanie L. Brinegar, Estill Circuit Clerk

30. Plaintiff timely, and in the manner set forth in the applicable insurance policy, appealed the WOP claim, which was again denied by Defendant on May 10, 2018.

31. Plaintiff has exhausted any required administrative remedies with respect to his WOP claim.

32. Plaintiff is entitled to payment of LTD and WOP benefits, as Plaintiff meets the definitions of "disabled" under the terms of the LTD policy and the life insurance coverage policy.

33. Defendant has wrongfully withheld, and is responsible for, payment of LTD benefits to those entitled to benefits under the LTD policy, including Plaintiff.

34. Plaintiff is entitled to LTD and WOP benefits, and Defendant should be required to perform under the contract and pay LTD benefits to Plaintiff and waive premiums for his life insurance coverage.

35. The denial of Plaintiff's claim for LTD benefits and WOP claim is a breach of contract, and Defendant's breach of its contractual duties and obligations has caused Plaintiff damages.

36. The decisions of Defendant to deny contractual benefits under the LTD policy and life insurance policy is erroneous, a breach of fiduciary duties, negligent, an abuse of discretion, arbitrary and capricious, and contrary to the overwhelming evidence supplied to Defendant in the medical records and other information supplied by Plaintiff and on Plaintiff's behalf.

37. The LTD policy and coverage, and life insurance policy and coverage, do not meet the qualifications of a plan under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et. seq.*

5

Filed                18-CI-00099    06/01/2018    Stephanie L. Brinegar, Estill Circuit Clerk
A true copy attest   18-CI-00099    06/01/2018    /s/Stephanie L. Brinegar, Estill Circuit Clerk

Filed            18-CI-00099    06/01/2018    Stephanie L. Brinegar, Estill Circuit Clerk
A true copy attest    18-CI-00099    06/01/2018    /s/Stephanie L. Brinegar, Estill Circuit Clerk

38. In the alternative to allegation number 37, above, if the policy does meet the qualifications for ERISA, then the decisions made by Defendant were arbitrary and capricious, against the overwhelming evidence provided to Defendant, and a breach of fiduciary duties, which entitles Plaintiff to contractual benefits, interest, and attorney's fees.

39. Defendant should be enjoined from stopping payments under the contract, and from ceasing the waiving of life insurance premiums.

40. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff, Michael L. Smith, demands the following relief:

1. Judgment against Defendant for full contractual benefits, attorney's fees, pre-judgment and post-judgment interest; and

2. Waiver of premiums under the life insurance policy; and

2. Any and all other relief to which Plaintiff appears entitled.

Respectfully submitted,

/s/ Elizabeth A. Thornsbury
ELIZABETH A. THORNSBURY
M. AUSTIN MEHR
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
Email: elizabeth@austinmehr.com
Email: amehr@austinmehr.com
*Attorney for Plaintiff*

6

Filed            18-CI-00099    06/01/2018    Stephanie L. Brinegar, Estill Circuit Clerk
A true copy attest    18-CI-00099    06/01/2018    /s/Stephanie L. Brinegar, Estill Circuit Clerk

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **18-CI-00099**<br>Court: **CIRCUIT**<br>County: **ESTILL** |

*Plantiff*, SMITH, MICHAEL L. VS. LIFE INSURANCE COMPANY OF NORTH AMERIC, *Defendant*

TO:    LIFE INSURANCE COMPANY OF NORTH AMERICA
         MICHAEL A. JAMES
         TWO LIBERTY PLACE, 1601 CHESTNUT STREET
         PHILADELPHIA, PA 19192



The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Stephanie L. Brinegar, Estill Circuit Clerk
Date: **06/01/2018**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20____

_____ Served By

_____ Title

---

Summons ID: 10356697653231@00000039125
CIRCUIT: 18-CI-00099 Long Arm Statute – Secretary of State
SMITH, MICHAEL L. VS. LIFE INSURANCE COMPANY OF NORTH AMERIC

Page 1 of 1



Presiding Judge: HON. MICHAEL DEAN (623340)
Package : 000002 of 000008